# Alexander Simpson, Jr., Plff. in Err., *v.* Samuel Kennedy et Ux.

If a married woman has a separate estate not obtained from her husband, and buys property on credit, given her by reason of that separate estate, she may hold it as her own against her husband's creditors.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for defendants in an action of ejectment. Affirmed.

Mrs. Ridgway died in 1866 seised of the premises in dispute which she devised to her four children, of whom Mrs. Kennedy was one.

In 1868 Mrs. Kennedy purchased the interests of the other devisees in the property, paying the purchase price with money loaned to her by a building association and secured by a mortgage upon the premises.

In 1871 the husband of the purchaser confessed judgment for a debt which he owed; execution was issued thereon, and the property of Mrs. Kennedy was levied upon and sold, and this action was brought to gain possession.

The jury were instructed to find for the defendants, because, as said at the time, the dispute being about real estate, and not personalty, there is no presumption that property purchased in the name of the wife is the husband's; and because the facts in this case do not show a purchase on credit, the mortgage not being given to the vendors, but to a third party.

A rule for a new trial was discharged and plaintiff brought error.

*J. Alex. Simpson,* for plaintiff in error.—The court below was not justified in instructing in favor of the defendants.

In Husband, Law of Married Women, § 89, it is said: "In case of purchase after marriage the burden is upon her to prove distinctly that she paid for it with her own separate funds; not

NOTE.—See notes to Gregg v. George, 3 Sad. Rep. 522, and Tibbins v. Jones, 2 Sad. Rep. 526.

merely that she had the means of paying, but that she in fact thus paid. . . . In the absence of such proof, the presumption of law is that her husband furnished the means of payment, . . . and the ownership of the thing purchased vested in him whose money purchased it;" and the presumption is the same since the act of 1848. The rule is the same as to the purchase both of real and personal estate, etc. And see Winter v. Walter, 37 Pa. 162; Keeney v. Good, 21 Pa. 355; Gault v. Saffin, 44 Pa. 307; Baringer v. Stiver, 49 Pa. 132; Lochman v. Brobst, 102 Pa. 481.

If a married woman purchases property with borrowed money or on credit, it belongs to her husband as it respects his creditors, and is liable for his debts. Bucher v. Ream, 68 Pa. 426; Leinbach v. Templin, 105 Pa. 525; Pier v. Siegal, 15 W. N. C. 481. And see Baringer v. Stiver, 49 Pa. 132; Curry v. Bott, 53 Pa. 400; Phillips v. Reeder, 7 Phila. 118; Auble v. Mason, 35 Pa. 261; Walker v. Reamy, 36 Pa. 410; Topley v. Topley, 31 Pa. 328; Keeney v. Good, 21 Pa. 349; Rhoads v. Gordon, 38 Pa. 277; Aurand v. Schaffer, 43 Pa. 363; Hoffman v. Toner, 49 Pa. 231; Flick v. Devries, 50 Pa. 266.

Lochman v. Brobst, 102 Pa. 481, is almost exactly like this case.

A married woman cannot purchase on credit, and simply show that she had a separate estate, without showing clearly, fully, and distinctly that such separate estate was the foundation of the credit. If she does so she cannot hold the property against her husband's creditors. Auble v. Mason, 35 Pa. 261; Walker v. Reamy, 36 Pa. 410; Topley v. Topley, 31 Pa. 328; Keeney v. Good, 21 Pa. 349; Rhoads v. Gordon, 38 Pa. 277; Aurand v. Schaffer, 43 Pa. 363; Baringer v. Stiver, 49 Pa. 129; Hoffman v. Toner, 49 Pa. 231; Flick v. Devries, 50 Pa. 266; Curry v. Bott, 53 Pa. 400.

*John Dolman,* for defendant in error.—If a married woman, who has a separate estate of her own, buys property on the credit of her estate, she is entitled to claim and hold it as her own against the creditors of her husband. She is not precluded from buying upon credit, but it is incumbent on her to show that her separate estate was the foundation of her credit. Seeds v. Kahler, 76 Pa. 262; Sixbee v. Bowen, 91 Pa. 149.

A broad distinction has been preserved between a wife's

credit, founded on her own estate and its product, and a credit founded on nothing but her mere promise, or upon earnings that belong to her husband.    Brown v. Pendleton, 60 Pa. 419.

PER CURIAM:

The unquestioned evidence shows the wife had a separate estate.    It was not obtained from her husband.    She had both personal and real estate.    In her purchase of the land in question she not only gave a mortgage on that, but also on the portion which she had acquired from her mother.    Her separate estate constituted the main credit on which she bought the land in contention.    The law was ruled correctly.

Judgment affirmed.